BENTON, C.J.
A 31-year employee of the Duval County School Board (School Board), Rhona Silver taught autistic and other special education students until she was arrested at school on a felony abuse charge for restraining a child in the classroom. She has by now been completely exonerated, but she appeals the final order of the School Board insofar as it denied her motion for reimbursement of legal fees, citing section 1012.26, Florida Statutes (2008), which provides in part: “The district school board shall provide for reimbursement of reasonable expenses for legal services for officers and employees of school boards who are charged with civil or criminal actions arising out of and in the course of the performance of assigned duties and responsibilities upon successful defense by the employee or officer.” We reverse and remand for further proceedings.
After her March 17, 2009 arrest (based on child abuse alleged to have occurred in the classroom during September of 2008), the School Board issued a Notice of Termination of her employment explicitly predicated on the criminal arrest. Thereupon Ms. Silver retained a criminal lawyer, and secured pretrial release. The Notice of Termination issued on April 13, 2009.
As a result of the Notice of Termination, Ms. Silver sought and received a formal administrative hearing at which she successfully challenged her termination. After hearing the witnesses to events in September of 2008, the administrative law judge issued a recommended order on January 10, 2011, recommending that the School Board dismiss the Notice of Termination and reinstate Ms. Silver to her position as a contract employee, with back pay and benefits.
Three days later, on January 13, 2011, the state attorney’s office prepared a Disposition Statement, which specifically referenced the administrative law judge’s findings and the conclusion that the School Board failed to prove by a preponderance of the evidence that Ms. Silver committed the alleged acts of abuse. On January 18, 2011, the state attorney filed a Disposition Notice “declining] to prosecute this defendant for these charges.” The state attorney’s office did not even await School Board action.
Ms. Silver then filed with the School Board, on January 25, 2011, a motion for reimbursement of legal expenses pursuant to section 1012.26. The School Board denied the motion, ruling that it was not required to reimburse Ms. Silver’s legal expenses pursuant to section 1012.26 because the “legal fees were incurred in an administrative proceeding and not in a criminal or civil proceeding.” But Ms. Silver’s position is that she is entitled to be reimbursed — not because her lawyer represented her administratively — but because everything her lawyer did was part of what ultimately proved a successful defense to criminal charges.
In her initial brief, Ms. Silver argues that the “discovery, testimony and trial litigation in the administrative action was identical to that necessary to the defense of the criminal action” and that, in defending the criminal charge, her counsel strategically waived her speedy trial rights in *239 criminal court in exchange for the state attorney’s agreement to suspend prosecution and determine whether to proceed with the criminal prosecution based on the outcome of the administrative hearing.
The administrative law judge found that the state attorney “deferred any decision on whether to proceed on the criminal allegations pending the completion of this administrative matter.” During oral argument before this court, counsel for the School Board acknowledged that the School Board was aware that the state attorney was not going to proceed until the administrative process was complete, and agreed he did not question the representation of Ms. Silver’s counsel regarding the existence of an agreement with the state attorney. Counsel for Ms. Silver, however, conceded that the details of his agreement with the state attorney were not in writing,* and the record on appeal does not establish the details of the agreement.
We therefore reverse the denial of Ms. Silver’s motion for reimbursement of legal expenses and remand for determination of the existence and terms of the agreement with the state attorney. If Ms. Silver establishes an agreement with the state attorney that further prosecution of the criminal charge was dependent on the outcome of the administrative proceeding, Ms. Silver is entitled to reimbursement “of reasonable expenses for legal services” pursuant to section 1012.26, because she was “charged with ... criminal actions arising out of and in the course of the performance of assigned duties,” to the extent that the legal services, although occurring in administrative proceedings, helped with her criminal defense.
What was necessary to defend the criminal charges overlaps with what was needed to defend at the hearing before the administrative law judge, presumably very substantially. And the result of the administrative proceeding was crucial. But it is not clear on this record that every single thing done in the administrative proceedings was reasonable and necessary. On remand, the proper procedure is to take evidence as to the reasonableness and extent of legal work performed in order to secure the dismissal of criminal charges, before making any award of attorney fees, unless the parties can agree on an amount.
Reversed and remanded for further proceedings.
SWANSON, J., concurs;
MARSTILLER, J., concurs with opinion.

 During the administrative hearing, an investigating officer from the Jacksonville Sheriff's Office testified that his understanding, based on talking to the assistant state attorney, was that "they're waiting for the results of this hearing before they proceed.”